## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In Re:  Michael Josef Basl,        Case No. 17-32341-KLP
           Debtor.        Chapter 7

William Robert Moreno
and Sharon Kay Moreno,
           Plaintiffs,

v.        Adv. Pro. No. 17-04495-KLP

Michael Josef Basl,
           Defendant.


### MEMORANDUM OPINION

Plaintiffs William Robert Moreno and Sharon Kay Moreno (the "Plaintiffs") bring this action asserting that the debt owed to them by Defendant Michael Josef Basl (the "Defendant"), the debtor in this chapter 7 case, is not dischargeable pursuant to § 523(a)(6) of the Bankruptcy Code, 11 U.S.C. § 523(a)(6).[1]  Section 523(a)(6) excepts from a debtor's discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."  The Plaintiffs maintain that the elements of § 523(a)(6) have been proven in litigation already concluded in the Circuit Court of Loudon County, Virginia, and that the doctrine of collateral estoppel requires this Court to find the Plaintiffs' damages nondischargeable as a matter of law.  In addition, the Plaintiffs ask the Court to find that any

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.

damages that may be awarded to them in their action for malicious

prosecution currently pending in the Circuit Court of Henrico County,

Virginia, are also nondischargeable pursuant to § 523(a)(6).

The Court has reviewed the pleadings and considered the parties' oral

argument.  For the reasons set forth in this Memorandum Opinion, the Court

holds that the debt owed to the Plaintiffs by the Defendant based upon the

Loudon County, Virginia, litigation is dischargeable and dismisses that

portion of the complaint relative to the pending Henrico County, Virginia,

litigation.

## Jurisdiction

The Court has jurisdiction over this matter under 28 U.S.C §§ 157(a)

and 1334(a) and the general order of reference entered by the U.S. District

Court for the Eastern District of Virginia on August 15, 1984.  This matter is

a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## Factual and Procedural Background

The Defendant filed a voluntary petition for relief under chapter 7 of

the Bankruptcy Code on May 5, 2017, and the Plaintiffs initiated this

adversary proceeding by a complaint (the "Complaint") filed on August 10,

2017.  The Plaintiffs allege that the Defendant is indebted to them in the

amount of $1,415,282.08 (the "Debt"), awarded in connection with prior

litigation between the parties in the Circuit Court of Loudon County, Virginia

(the "Virginia Action").  In the Virginia Action, the Loudon County Circuit

Court (the "Virginia Court") held a multi-day jury trial at which the

Defendant represented himself.  On October 27, 2016, at the conclusion of the

trial, the Virginia Court entered, pursuant to the jury's verdict, a final order

(the "Order") awarding the following damages:

> (1)    for defamation per se, $75,000 to Plaintiff William Moreno for
>
> both presumed and actual damages;
>
> (2)    for stalking, $100,000 to Plaintiff William Moreno for
>
> compensatory damages and $105,907.08 for costs and legal fees;
>
> (3)    for intentional infliction of emotional distress, $200,000 to
>
> Plaintiff William Moreno for compensatory damages and $50,000 to
>
> Plaintiff Sharon Moreno for compensatory damages;
>
> (4)    $625,000 to William Moreno in punitive damages; and
>
> (5)    $200,000 to Sharon Moreno in punitive damages.

The Plaintiffs argue that the Order establishes that the Debt is

nondischargeable and that the doctrine of collateral estoppel precludes

relitigation of that issue.  They contend that the elements proven in the

Virginia Action are identical to the elements necessary to establish

nondischargeability under § 523(a)(6).

The Defendant argues that collateral estoppel does not apply because

the elements necessary to establish nondischargeability under § 523(a)(6) are

different from the elements litigated in the Virginia Action.  More

specifically, he maintains that the elements of malice and willfulness,

requisites to a finding of nondischargeability under § 523(a)(6), were not

litigated in the Virginia Action.  In short, the Defendant contends that the

Order does not preclusively establish the elements of § 523(a)(6).

On February 13, 2017, this Court conducted a trial at which it heard

the argument of the parties and received evidence.  The only evidence

admitted at the trial was the Order.  At the conclusion of the trial, the Court

gave both parties the opportunity to file further memoranda supporting their

positions.  In their memorandum,[2] the Plaintiffs concede that the portions of

the Debt representing the awards of damages for defamation per se and

intentional infliction of emotional distress, as well as the related punitive

damages, are dischargeable.[3]  However, they ask the Court to find the

$205,907.08 awarded to Plaintiff William Moreno for stalking and

$166,666.67 of the $625,000 punitive damages awarded to be

nondischargeable.[4]

---

[2] Pls.' Proposed Findings of Facts & Conclusions of Law, ECF No. 20.

[3] Plaintiffs admit in their memorandum that "it is not possible to determine from the
state court judgment (or the jury verdict form on which that judgment is based)"
whether the jury found intentional or reckless behavior in finding the Defendant
liable for intentional infliction of emotional distress and defamation per se. *Id.* at 2-
3, 6-7. Since only intentional behavior will satisfy the requirements of § 523(a)(6),
the Plaintiffs admit that they have failed to meet their burden of proof with respect
to those claims. *Id.*

[4] The punitive damages sought by Plaintiff William Moreno are based upon the ratio
of presumed and compensatory damages awarded by the Virginia Court for stalking
to the $375,000 total amount of actual damages awarded in the Virginia Action.
($100,000/$375,000=.2666).  Applying this ratio to the $625,000 total punitive
damages awarded in the Virginia Action results in $166,666.67, the reduced
punitive damages now sought to be held nondischargeable in this adversary
proceeding. *Id.* at 5-6.

## **Discussion**

Section 523(a)(6).  A primary purpose of the Bankruptcy Code is to give

honest debtors a fresh financial start.  *Local Loan Co. v. Hunt*, 292 U.S. 234,

244 (1934).  In an effort to balance the benefits of allowing debtors to receive

a fresh start with the right of creditors to collect the debts owed to them, the

Bankruptcy Code specifies certain situations in which public policy demands

that particular debts be nondischargeable. *Beckett v. Bundick* (*In re*

*Bundick*), 303 B.R. 90, 104 (Bankr. E.D. Va. 2003).[5]  One of those situations

is when a debt has been incurred as a result of the debtor's bad acts.  For

example, it has long been the policy of bankruptcy courts that "perpetrators

of fraud are not allowed to hide behind the skirts of the Bankruptcy Code."

*Id.* at 104 (quoting *Foley & Lardner v. Biondo* (*In re Biondo*), 180 F.3d 126,

130 (4th Cir. 1999)).[6]  At issue in this case is § 523(a)(6), which excepts from

discharge a debt that has been incurred as a result of a debtor's willful and

malicious actions.

The Plaintiffs bear the burden of proving nondischargeability by a

preponderance of the evidence.  *Grogan v. Garner*, 498 U.S. 279, 291 (1991).[7]

---

[5] These exceptions to discharge are to be construed narrowly. *Nunnery v. Nunnery* (*In re Rountree*), 478 F.3d 215, 219 (4th Cir. 2007); *La Bella Donna Skin Care, Inc. v. Harton* (*In re Harton*), Adv. No. 13-03028-KRH, 2013 WL 5461832, at *3 (Bankr. E.D. Va. Oct. 1, 2013).

[6] Section 523(a)(4) provides that a debtor may not discharge debts incurred as a result of fraud.

[7] In *Grogan v. Garner*, the Supreme Court held that preponderance of evidence standard best reflects the intent of Congress in establishing the balance between the debtor's interest in obtaining a fresh start and the creditor's interest in obtaining full payment of a debt. 498 U.S. 279, 287 (1991).

The Fourth Circuit has held that the preponderance of the evidence standard

has been met when a court "believe[s] that the existence of a fact is more

probable than its nonexistence." *United States v. Manigan*, 592 F.3d 621, 631

(4th Cir. 2010) (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr.

Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993)). Chief Judge St.

John has noted that

> "Preponderance of the evidence" has been defined as "evidence
> which, when weighed with that opposed to it, has more
> convincing force and is more probably true and accurate. [When]
> the evidence appears to be equally balanced, or if it cannot be
> said upon which side it weighs heavier, then plaintiff has not
> met his or her burden of proof."

*Brickhouse v. Orts* (*In re Orts*), Adv. No. 08-07075-SCS, 2009 WL 903259, at

*11 (Bankr. E.D. Va. Feb. 24, 2009) (alterations in original) (quoting *Smith v.

United States*, 726 F.2d 428, 430 (8th Cir. 1984)).

To establish nondischargeability under § 523(a)(6) "a creditor must

ultimately prove three elements: '(1) the debtor caused an injury; (2) the

debtor's actions were willful; and (3) that the debtor's actions were

malicious.'" *Ocean Equity Grp., Inc. v. Wooten* (*In re Wooten*), 423 B.R. 108,

128 (Bankr. E.D. Va. 2010) (quoting *E.L. Hamm & Assocs., Inc. v. Sparrow*

(*In re Sparrow*), 306 B.R. 812, 834 (Bankr. E.D. Va. 2003)).

To establish the element of injury is a fairly straightforward inquiry,

but determining the elements of willfulness and malice is less so. Addressing

the element of willfulness, the Supreme Court in *Kawaauhau v. Geiger*, 523

U.S. 57 (1998), held that the willfulness language of § 523(a)(6) encompasses

only acts done with actual intent to cause injury and not merely intentional

acts that happen to cause an injury.

> The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, *i.e.*, "reckless" or "negligent," to modify "injury." Moreover, as the Eighth Circuit observed, the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the *consequences* of an act," not simply "the act itself."

*Id.* at 61-62 (emphasis in original) (citing Restatement (Second) of Torts § 8A

cmt. a (1964)).  For purposes of § 523(a)(6), "willfulness" is defined as an act

taken with "substantial certainty [that] harm [would result] or a subjective

motive to cause harm." *Parsons v. Parks* (*In re Parks*), 91 F. App'x 817, 819

(4th Cir. 2003) (alterations in original) (quoting *Miller v. J.D. Abrams Inc.* (*In

re Miller*), 156 F.3d 598 (5th Cir. 1998)); *Singh v. Sohail* (*In re Sohail*), Adv.

No. 08–03059–KRH, 2009 WL 1851247, at *7 (Bankr. E.D. Va. June 25,

2009); *see also In re Wooten*, 423 B.R. at 129; *Haas v. Trammell* (*In re

Trammell*), 388 B.R. 182, 187 (Bankr. E.D. Va. 2008) (confirming that this

Court has previously adopted the "objective substantial certainty" or

"subjective motive" test to satisfy the willfulness requirement); *Lewis v. Long*

(*In re Long*), 504 B.R. 424, 425 (Bankr. W.D. Va. 2014).

The term "malice" may not mean the same thing in a nondischargeability action as it would in a non-bankruptcy context. *Johnson v. Davis* (*In re Davis*), 262 B.R. 663, 670 (Bankr. E.D. Va. 2001). For purposes of § 523(a)(6), a debtor acts with malice when "[the] debtor's injurious act was done deliberately, intentionally and with knowing disregard for [the] plaintiff's rights." *Reed v. Owens* (*In re Owens*), 449 B.R. 239, 255 (Bankr. E.D. Va. 2011) (alterations in original) (quoting *In re Davis*, 262 B.R. at 670-71); *see also First Nat'l Bk of Md. v. Stanley* (*In re Stanley*), 66 F.3d 664, 667 (4th Cir. 1995)). Malice may be demonstrated from the implications of the debtor's behavior, "as well as a presentation of the surrounding circumstances." *In re Davis*, 262 B.R. at 670-71. As such, a creditor need not prove actual ill will on the part of the debtor or any specific intent to injure the creditor. *Id.*

Collateral Estoppel. The doctrine of collateral estoppel, or "issue preclusion," prohibits the relitigation of an issue of fact or law in a different action by a party when that party had "a full and fair opportunity to litigate the issue in the previous case." *Johnson v. Stemple* (*In re Stemple*), 361 B.R. 778, 795 (Bankr. E.D. Va. 2007). The doctrine of collateral estoppel applies in bankruptcy proceedings. *Grogan v. Garner*, 498 U.S. at 284 n.11; *see also Duncan v. Duncan* (*In re Duncan*), 448 F.3d 725, 728 (4th Cir 2006) ("State court judgments can collaterally estop the litigation of issues in adversary proceedings in federal bankruptcy court."). In *Grogan*, the Supreme Court

held that collateral estoppel may supply the basis for a finding of nondischargeability based on another court's prior decision if the standard of proof in the prior case was preponderance of the evidence or another, higher standard of proof. 498 U.S. at 287.

When determining whether a state court judgment may collaterally estop litigation in a bankruptcy court, the collateral estoppel law of the state issuing the judgment will apply. *Duncan*, 448 F.3d at 728. In this case, the underlying judgment was rendered by a Virginia court, so the Virginia law of collateral estoppel applies. In Virginia, the doctrine of collateral estoppel "precludes parties to a prior action and their privies from litigating in a subsequent action any factual issue that actually was litigated and was essential to a valid, final judgment in the prior action." *TransDulles Ctr. Inc. v. Sharma*, 472 S.E.2d 274, 275 (Va. 1996) (quoting *Angstadt v. Atl. Mut. Ins. Co.*, 457 S.E.2d 86, 87 (Va. 1995)). In *TransDulles*, the Virginia Supreme Court set forth the following parameters:

> For the doctrine to apply, the parties to the two proceedings, or their privies, must be the same; the factual issue sought to be litigated actually must have been litigated in the prior action and must have been essential to the prior judgment; and the prior action must have resulted in a valid, final judgment against the party sought to be precluded in the present action. Additionally, collateral estoppel in Virginia requires mutuality, that is, a party is generally prevented from invoking the preclusive force of a judgment unless that party would have been bound had the prior litigation of the issue reached the opposite result.

*Id.* (internal citations omitted).

9

The Fourth Circuit has distilled the *TransDulles* test into five distinct elements.  First, the prior action must have resulted in a valid and final judgment against the party in the present action.  Second, the parties or privies in both proceedings must be the same.  Third, there must be mutuality between the parties.  Fourth, the factual issue litigated actually must have been litigated in the prior action.  Fifth, the issue litigated must have been essential to prior judgment. *Duncan,* 448 F.3d at 728.

In the present case, the first three elements are easily addressed.  The Order, which is the final order of the Virginia Court, states, "the finality of this Order under Rule 1.1 is suspended until January 31, 2017.  Without an intervening Order further suspending or vacating it, this Order becomes final on January 31, 2017."  The Court has been provided with no evidence to suggest that upon January 31, 2017, the Order did not become final.  The parties do not dispute that the Order is a final order.  Thus, the first element is satisfied.  The second element is also satisfied, as the parties in each matter are the same.[8]

The mutuality element is also satisfied.  Mutuality means that "a party is generally prevented from invoking the preclusive force of a judgment unless that party would have been bound had the prior litigation of the issue reached the opposite result." *TransDulles*, 472 S.E.2d at 275 (citing *Norfolk & W. Ry., v. Bailey Lumber Co.*, 272 S.E.2d 217, 218 (1980).  This Court has

---

[8] Mr. Richard Moreno was also a party in the original action but is not a party, nor essential, to this adversary proceeding.

further held that if the parties to each action are the same, there is necessarily the requisite mutuality. *In re Bundick,* 303 B.R. at 102-03. The parties here are the same, and the Plaintiffs would have been bound had the Virginia Court made a contrary decision, so mutuality exists.

The fourth element is whether "the factual issue sought to be litigated [was] litigated in the prior action." *TransDulles*, 472 S.E.2d at 275. An issue is actually litigated and collateral estoppel applies if a party had a "'full and fair opportunity' to litigate that issue in the earlier case." *Allen v. McCurry*, 449 U.S. 90, 95 (1980). This element will be addressed in depth below.

The fifth element is whether the precise factual inquiry at issue was essential to the prior judgment. However, because the issue of nondischargeability of a debt is exclusively a matter of federal law governed by the terms of the Bankruptcy Code, "[t]he issue of the dischargeability of a debt, therefore, may never be precisely at issue in a state court proceeding." *In re Bundick,* 303 B.R. at 103.[9]

Analysis. The task of the Court is to determine whether the fourth and fifth *TransDulles* elements have been satisfied, i.e., whether the issues necessary for a finding of nondischargeability were actually litigated in the Virginia Action and were essential to the judgment entered by the Virginia Court. To make such a determination, the Court must know what factual

---

[9] In applying collateral estoppel when the judgment sought to be held nondischargeable is based upon a jury verdict, the court's "task is to glean the specific findings on which the jury based its verdict." *KYMN, Inc. v. Langeslag* (*In re Langeslag*), 366 B.R. 51, 59 (Bankr. D. Minn. 2007).

determinations the jury in the Virginia Action made in reaching its verdict.

The Court must then analyze whether the jury's factual findings are

sufficient to satisfy the requirements of § 523(a)(6).  The Court's task is

complicated because it has no evidence before it other than the Order.  The

only way for the Court to ascertain what determinations the jury may have

made is to analyze the requirements of the applicable Virginia law.

Therefore, a closer look at the causes of action at issue in the Virginia Action

is in order.

The Plaintiffs have abandoned their claims that the Defendant is

collaterally estopped from asserting that the damages awarded in the

Virginia Action for intentional infliction of emotional distress and defamation

per se are nondischargeable under § 523(a)(6), and the Court need not

address those claims further.[10]  They now seek only a finding of

---

[10] In analyzing the Plaintiffs' claims of intentional infliction of emotional distress,
the Court finds that the Plaintiffs have, as admitted, failed to satisfy the
requirements of § 523(a)(6) because under Virginia law, intentional infliction of
emotional distress requires, in part, a showing that the tortfeasor engaged in
conduct that was either intentional or reckless. *Almy v. Grisham*, 639 S.E.2d 182,
189 (Va. 2007) ("[A] claim for intentional infliction of severe emotional distress
requires proof of severe emotional distress proximately caused by a defendant's
outrageous conduct that is intentional or reckless.").  Reckless behavior does not
satisfy the willfulness requirement of § 523(a)(6).  The Court has no evidence of
whether the Virginia Court found intentional behavior or whether it found reckless
behavior and therefore cannot find that the Plaintiffs have proven
nondischargeability of the intentional infliction of emotional distress claims under
§ 523(a)(6).
    Similarly, under Virginia law, a plaintiff may recover for defamation if "the
publication was false, and . . . the defendant either knew it to be false, or believing it
to be true, lacked reasonable grounds for such belief, or acted negligently in failing
to ascertain the facts on which the publication was based." *Gazette, Inc. v. Harris*,
325 S.E.2d 713, 725 (Va. 1985).  Negligent behavior does not satisfy the willfulness
requirement of § 523(a)(6), and the Court has no evidence of whether the Virginia

nondischargeability for the Virginia Court's award of damages to Plaintiff

William Moreno (the "Plaintiff") for stalking and for an apportioned amount

of the award of punitive damages.[11]  With respect to the civil claim of

stalking, the Plaintiff argues that the Virginia Court's judgment standing on

its own satisfies § 523(a)(6)'s elements of willfulness and malice and therefore

urges that the damages awarded on that cause be declared nondischargeable.

*The civil claim of stalking.*  Virginia law provides a victim with a civil

cause of action against a person who has engaged in stalking as defined in

the Virginia criminal statutes.[12]  The Virginia Supreme Court has explained

that the Virginia stalking statute, Va. Code Ann. § 18.2-60.3,[13] is composed of

the following three elements:

---

Court found intentional behavior or whether it found negligent behavior.  Therefore,
the Court cannot find that the Plaintiffs have proven nondischargeability of the
defamation claim under § 523(a)(6).

[11] *See supra* note 4.

[12] Va. Code Ann. § 8.01-42.3 provides that:

> A victim has a civil cause of action against an individual who engaged
> in conduct that is prohibited under § 18.2-60.3, whether or not the
> individual has been charged or convicted for the alleged violation, for
> the compensatory damages incurred by the victim as a result of that
> conduct, in addition to the costs for bringing the action. If
> compensatory damages are awarded, a victim may also be awarded
> punitive damages.

[13] Va. Code Ann. § 18.2-60.3(A) provides that:

> Any person, except a law-enforcement officer, as defined in § 9.1-101,
> and acting in the performance of his official duties, and a registered
> private investigator, as defined in § 9.1-138, who is regulated in
> accordance with § 9.1-139 and acting in the course of his legitimate
> business, who on more than one occasion engages in conduct directed
> at another person with the intent to place, or when he knows or
> reasonably should know that the conduct places that other person in
> reasonable fear of death, criminal sexual assault, or bodily injury to
> that other person or to that other person's family or household
> member is guilty of a Class 1 misdemeanor.  If the person contacts or

(1) the defendant directed his . . . conduct toward the victim on at least two occasions; (2) the defendant intended to cause fear or knew or should have known that his . . . conduct would cause fear; and (3) the defendant's conduct caused the victim "to experience reasonable fear of death, criminal sexual assault, or bodily injury."

*Banks v. Commonwealth*, 795 S.E.2d 908, 913 (Va. App. 2017) (quoting

*Stephens v. Rose*, 762 S.E.2d 758, 761 (Va. 2014).

The Plaintiff argues that the state judgment in his favor on his civil claim of stalking[14] satisfies the willfulness and malice elements of § 523(a)(6), and, applying the doctrine of collateral estoppel, that the $205,907.08 award should be declared nondischargeable. At issue is the second element of the *Banks* test.[15] In the Plaintiff's view, a state court judgment, based on jury findings that the Defendant engaged in stalking, necessarily means the jury found either 1) the Defendant intended his proscribed conduct to place the Plaintiff in fear, or 2) the Defendant's conduct was substantially certain to place the Plaintiff in fear because the Defendant "knew or should have known his conduct would have that effect." Furthermore, the Plaintiff argues that although the Virginia Court judgment

---

follows or attempts to contact or follow the person at whom the conduct is directed after being given actual notice that the person does not want to be contacted or followed, such actions shall be prima facie evidence that the person intended to place that other person, or reasonably should have known that the other person was placed, in reasonable fear of death, criminal sexual assault, or bodily injury to himself or a family or household member.

[14] All subsequent references to stalking are to the civil claim for stalking.
[15] The Defendant does not contest that there was an injury to the Plaintiff but rather disputes that the injury was willful and malicious.

itself is silent as to whether the jury found specific intent, no showing of specific ill will is required to satisfy § 523(a)(6).

By finding that the Defendant was liable for stalking, the jury necessarily found that all three elements of the stalking test had been satisfied, including the second element – that the Defendant intended to cause fear or knew or should have known that he would cause fear. The parties dispute whether § 523(a)(6)'s requirements of willfulness and malice are satisfied by a jury verdict that the Defendant "intended to cause fear or knew or should have known that his conduct would cause fear."

The Court finds that the willfulness element of § 523(a)(6) has been satisfied by the Virginia Court's determination that Defendant committed stalking. The second *Banks* element, that the defendant intended to cause fear or should have known that his conduct would cause fear, mirrors the willfulness standard set forth in *Geiger* and its Fourth Circuit progeny. The jury's verdict of stalking establishes that the jury must have found that Defendant intended to cause fear or should have known that his conduct would cause fear. That finding satisfies the similar *Geiger* willfulness requirement that the Defendant acted with substantial certainty that harm would result or with a subjective motive to cause harm. Therefore, the willfulness element of § 523(a)(6) is satisfied by the Virginia Court's judgment.

Despite there being sufficient proof that the Defendant acted willfully, the Virginia Court judgment does not in and of itself satisfy the malice element of § 523(a)(6).[16]  Conduct is malicious under § 523(a)(6) only if it is deliberate, intentional, and with knowing disregard for the plaintiff's rights. *See In re Owens*, 449 B.R. at 255 (quoting *In re Davis*, 262 B.R. at 670-71). Under Va. Code Ann. § 18.2-60.3, a defendant may be held liable for stalking not only if he intended to cause his victim to be in reasonable fear of "death, criminal sexual assault, or bodily injury" but also if he reasonably *should have known* that his conduct would have that effect.[17]  Section 18.2-60.3 includes conduct that may not have been deliberate or intentional and thus does not, without more, satisfy the § 523(a)(6) malice standard.  In finding

---

[16] In *Bodge v. Pettingill* (*In re Pettingill*), Adv. No. 04-90427, 2005 WL 6482742 (Bankr. S.D. Cal. June 30, 2005), the bankruptcy court found that a debtor's stalking conviction satisfied the requirements of § 523(a)(6).  However, the Virginia and California statutes differ significantly, in that the applicable California statute allowed for liability only if the wrongful behavior was done "willfully and maliciously . . . with intent to place that person in reasonable fear . . . ."

[17] The history of the Virginia civil stalking statute is instructive.  As explained by the Virginia Court of Appeals:

> In 2001, however, the Virginia General Assembly amended Code § 18.2–60.3(A), expanding the statute to include conduct that the accused "reasonably should know" would create such a fear, and thereby adding "constructive knowledge" to the *mens rea* requirement of stalking.  This statutory amendment "change[d] the proof of knowledge of the defendant," House Bill 2112, Summary as Passed (2001), and "remove[d] the barriers to prosecution by specifying that it is not necessary to prove the offender's intent to carry out a threat . . . ."  Virginia Criminal Sentencing Commission, Impact Analysis on Proposed Legislation for House Bill 2112 (2001).

*Frazier v. Commonwealth*, No. 0725-26-2, 2007 WL 2174905, at *2 (Va. App. July 31, 2007) (internal citations omitted).  In *Frazier*, the court convicted the defendant because he knew or should have known that his actions would cause fear in the victim. *See also Stephens v. Rose*, 762 S.E.2d 758, 761-62 (Va. 2014) (if all other elements are satisfied, a defendant may be guilty of stalking if he knew or should have known that his actions would cause reasonable fear).

the Defendant liable for stalking, the Virginia jury could have found that the

Defendant should have known that he would cause harm but not that he

acted deliberately and intentionally. Because this Court does not have any

evidence of the specific findings the jury made, it cannot conclude that the

issues litigated in the Virginia Court were the same as those required to

establish malice under § 523(a)(6).

The Plaintiff also argues that the absence of a finding of specific intent

in the Order does not preclude a finding of nondischargeability because a

showing of specific intent or ill will is not required to satisfy § 523(a)(6).

Although the Fourth Circuit has held that § 523(a)(6) does not require a

showing of specific intent,[18] a party seeking a finding of nondischargeability

under § 523(a)(6) must still establish malice sufficient to satisfy the statute.

Malice may be inferred from the surrounding circumstances or demonstrated

from the implications of the debtor's behavior. *See id.* (quoting *In re Davis*,

---

[18] As more fully explained by former Chief Judge Tice of this Court:

> Malice does not mean the same thing for nondischargeability purposes under § 523(a)(6) as it does in contexts outside of bankruptcy. In bankruptcy, debtor may act with malice without bearing any subjective ill will toward plaintiff creditor or any specific intent to injure same. The Fourth Circuit defines malice as an act causing injury without just cause or excuse.
>
> Debtor's subjective mind set is central to the inquiry as to whether debtor acted deliberately in knowing disregard of a creditor's rights in property. In fact, a plaintiff creditor can even establish malice on an implied basis from a showing of debtor's behavior, as well as a presentation of the surrounding circumstances. What is required is that plaintiff prove that debtor's injurious act was done deliberately, intentionally and with knowing disregard for plaintiff's rights.

*Johnson v. Davis (In re Davis),* 262 B.R. 663, 640 (Bankr. E.D. Va. 2001) (internal citations omitted); *see also Ocean Equity Grp., Inc. v. Wooten (In re Wooten)*, 423 B.R. 108, 130 (Bankr. E.D. Va. 2010).

262 B.R. at 670). The Court cannot make an inference based on the surrounding circumstances in this case because the Court has no evidence of the surrounding circumstances, having before it only the Order. Similarly, the Court has no evidence before it of the Defendant's behavior other than the Order itself.

Nor can the Court infer the element of malice based solely on the nature of the wrongful act at issue, in this case stalking. In *Lewis v. Long (In re Long)*, 504 B.R. 424, 436 (Bankr. W.D. Va. 2014), the bankruptcy court found that damages awarded to the plaintiff, a victim of statutory rape, were dischargeable and that the doctrine of collateral estoppel was inapplicable based upon the evidence before the court. The only evidence presented by the plaintiff was the state court complaint, the state court default judgment, and a settlement note. In a subsequent clarifying opinion, the court held that "when the underlying cause of action does not necessitate a finding of intent to injure, the Court does not believe it is able to imply such intent . . . ." *Lewis v. Long (In re Long)*, 528 B.R. 655, 661 (Bankr. W.D. Va. 2015). It noted that the state court had not found that the debtor had acted willfully or intentionally and held that the court is not permitted to infer these elements based on the nature of the wrongful act alone. *Id.* at 661. In affirming the bankruptcy court's decision, the district court found that the issues litigated in the criminal conviction were not the same as those before the bankruptcy court and the doctrine of collateral estoppel did not apply:

> A conviction for carnal knowledge of a minor, in violation of
> Virginia Code § 18.2–63, does not require proof of any specific
> intent, much less an intent to injure. Therefore, Long's pleas of
> guilty to violating the statute did not involve an identical issue
> to the controlling issue here, and have no preclusive effect under
> the doctrine of collateral estoppel.

*Lewis v. Long*, 521 B.R. 745, 749 (W.D. Va. 2014) (citing Va. Code Ann.

§ 18.2-63(a)).

In this case, as in *Lewis v. Long*, the underlying statute at issue, here

the Virginia stalking statute, does not require a finding that the Defendant's

actions were both willful and malicious.  The Court cannot infer the element

of malice.  Thus, this Court finds that the judgment from the Virginia Court

as set forth in the Order is an insufficient basis upon which to find that the

Defendant's actions were both willful and malicious, and the Plaintiff has

provided the Court no other evidence from which to make such a finding.  The

fourth element of the *TransDulles* test has not been satisfied, as the Court

cannot find that the issues litigated in the Virginia Court were necessarily

the same as those required by § 523(a)(6).[19]  Accordingly, the doctrine of

collateral estoppel does not apply.  The Plaintiff, who relied solely on the

Order and the doctrine of collateral estoppel, has not carried his burden of

proving that the portion of the Debt representing damages for stalking

satisfies the requirements of § 523(a)(6), and the debt is therefore

dischargeable.

---

[19] Having found that the issues litigated in the Virginia Action were not necessarily
the same as those required by § 523(a)(6), the Court need not address the fifth
element of the *TransDulles* test, whether determination of an issue was essential to
the Virginia Court's ruling.

*Punitive damages.*  The Plaintiff also seeks to have the punitive

damages awarded in connection with the stalking award held

nondischargeable.  Under Virginia law, punitive damages "may be recovered

'only where there is misconduct, actual malice, or such recklessness or

negligence as to evince a conscious disregard of the rights of others'"

*Hamilton Dev. Co v. Broad Rock Club*, 445 S.E.2d 140, 143 (Va. 1994)

(quoting *Giant of Va., Inc. v. Pigg*, 152 S.E.2d 271, 277 (Va. 1967)); *see also In

re Sparrow,* 306 B.R.at 844.[20]  Under this standard, punitive damages may be

awarded in Virginia for reckless behavior as well as for intentional behavior.

As reckless behavior does not satisfy the intent requirement of § 523(a)(6),

the Court would normally look to the Virginia Court's findings to determine

whether the award of punitive damages was based upon intentional conduct

or upon reckless conduct.  However, as the Court is in possession of no such

findings, it has no basis upon which to conclude that the Virginia Court found

intentional behavior that would satisfy the requirements of § 523(a)(6).  The

---

[20] In *E.L. Hamm Assocs., Inc. v. Sparrow* (*In re Sparrow*), 306 B.R. 812 (Bankr. E.D. Va. 2003), Chief Judge St. John explained that:

> Virginia caselaw makes it plain that an award of punitive damages is warranted by malicious conduct or negligence which is willful or wanton as to evince a conscious disregard of the rights of others. Furthermore, in Virginia proof of actual malice is not required to support a recovery of punitive damages. Thus, while the finding by [the Virginia court] of "a conscious disregard for the plaintiff's rights" provides ample justification for an award of punitive damages against the Sparrows, it does not, under Virginia law, compel the conclusion the acts of the Sparrows were willful, as required by § 523(a)(6). The punitive damages could have been awarded by [the Virginia court] for gross negligence or recklessness, neither of which are sufficient under *Geiger*.

306 B.R. at 844-45 (citing *Booth v. Robertson*, 374 S.E.2d 1, 3 (Va. 1988); *Avocet Dev. Corp. v. The McLean Bank*, 364 S.E.2d 757, 762 (Va. 1988)).

Order, standing alone, is not sufficient evidence of the requisite intent.  The
Plaintiff has thus failed to prove that punitive damages were awarded based
on a willful and malicious injury, and the Court is unable to conclude that the
award for punitive damages is nondischargeable under § 523(a)(6).

   *The pending Henrico County, Virginia, litigation.*  In Count II of the
Complaint, the Plaintiff asks the Court to find that any award of damages
made in his pending Henrico County, Virginia, action alleging malicious
prosecution (the "Henrico Action") be declared nondischargeable pursuant to
§ 523(a)(6).  This argument fails because of the total lack of support for the
relief requested by the Plaintiff.  No evidence whatsoever has been proffered
to the Court relative to the Henrico Action.  The Court is not in possession of
the complaint filed in the Henrico Action and has only the argument of
counsel as to the character of that action.  As discussed above, to succeed
under § 523(a)(6), the Plaintiff must prove by a preponderance of the
evidence that he was injured by the Defendant's willful and malicious
actions.  As there is no evidence before the Court as to any of those elements,
the Court cannot grant the relief requested.

   In addition, the Plaintiff has not moved for relief from the automatic
stay of § 362(a) to proceed with the Henrico Action.  Section 362(a)(1)
provides that the filing of a bankruptcy petition operates as a stay of "the
commencement or continuation . . . of a judicial, administrative, or other
action . . . against the debtor that was or could have been commenced before

the commencement of the case . . . ."  In order to proceed with the Henrico

Action, the Plaintiff must request relief from the automatic stay.  Section

362(d) provides that the Court may grant such relief for cause.  The Plaintiff

has not established cause for relief, and at trial, counsel for the Plaintiff

admitted that he had not sought relief from the automatic stay.  Thus, at this

juncture, the Plaintiff is barred from proceeding in the Henrico Action.[21]

Accordingly, the claim for malicious prosecution pending in the Henrico

Action is dischargeable.

## Conclusion

The Court finds, based upon the analysis above and upon the

Plaintiffs' concessions,[22] that the Plaintiffs have not proven their claims that

the portions of the Debt based upon intentional infliction of emotional

distress and defamation per se are nondischargeable pursuant to § 523(a)(6).

The Court further finds that the portion of the Debt representing damages for

stalking and the punitive damages associated therewith is dischargeable, as

the Plaintiffs have failed to prove by a preponderance of the evidence that the

---

[21] Further, this Court may not render an advisory opinion.  Because he has submitted no evidence as to the Henrico Action, the Plaintiff is essentially asking the Court to declare that if he were to succeed in obtaining a judgment against the Defendant for malicious prosecution, that judgment would be nondischargeable pursuant to § 523(a)(6).  This runs afoul of Article III, § 2 of the United States Constitution, which requires that "litigation be based on a 'real and substantial controversy admitting of specific relief though [sic] a decree of a *conclusive* character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Dalkon Shield Claimants Trust v. Lee* (*In re A.H. Robins Co.*), 211 B.R. 194 (E.D. Va. 1997) (emphasis in original) (quoting *Aetna Life Ins. Co v. Haworth*, 300 U.S. 227 (1937)).

[22] *See supra* note 10 and accompanying text.

injuries caused by the Defendant were willful and malicious within the

meaning of § 523(a)(6).  Finally, the Court declines to rule upon whether any

award of damages in the Henrico Action would be nondischargeable pursuant

to § 523(a)(6), and Count II of the Complaint will be dismissed.  A separate

order shall enter.

Signed:   April 18, 2018                            /s/ Keith L. Phillips
                                          United States Bankruptcy Judge


Copies:                                   Entered on Docket:  April 18, 2018

Phillip B. Leiser
The Leiser Law Firm, PLLC
1749 Old Meadow Road, Suite 630
Tysons Corner, VA 22102

Michael Josef Basl
8106 Strath Rd.
Henrico, VA 23231